## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

Blake Williamson,
Plaintiff,

vs.

Credit Corp. Solutions, Inc.,

Defendant.

CIVIL ACTION NO.

**COMPLAINT**
Jury Trial Demanded

## NATURE OF ACTION

1.     Plaintiff Blake Williamson brings this action against Defendant Credit Corp. Solutions, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v.*

*Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

7.      "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'"  *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

8.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

9.      "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

10.      "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is

logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Bexar, and City of Helotes.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

16.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.   Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.   In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on or about December 18, 2019.

20.   During the ensuing telephone conversation, Plaintiff advised Defendant that he was represented by counsel with respect to the Debt.

21.   Plaintiff further provided Defendant with the name and telephone number of his counsel.

22.   As of no later than December 18, 2019, Defendant knew Plaintiff was represented by counsel with respect to the Debt.

23.   As of no later than December 18, 2019, Defendant had knowledge of, or could readily ascertain, Plaintiff's counsel's name and address.

24.   In or around January 2020, Defendant sent written communication directly to Plaintiff demanding payment of the Debt.

25.   At no time prior to Defendant sending the January 2020 letter did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

26.   In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on or about May 7, 2020.

27.   During the ensuing telephone conversation, Defendant again demanded payment of the Debt.

28.     Like the prior call, Plaintiff again advised that he was represented by counsel and provided his counsel's contact information.

29.     Rather than terminating the call, Defendant continued to ask Plaintiff questions in connection with the collection of the Debt.

30.     For example, Defendant inquired as to whether Plaintiff was filing bankruptcy.

31.     At the time it placed the May 7, 2020 call, Defendant knew Plaintiff was represented by counsel.

32.     At the time it placed the May 7, 2020 call, Defendant had knowledge of, or could readily ascertain, Plaintiff's counsel's name and address.

33.     At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

34.     At no time did Plaintiff's counsel consent to Defendant's direct communication with Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

35.     Plaintiff repeats and re-alleges each factual allegation contained above.

36.     The FDCPA provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless

the attorney consents to direct communication with the consumer." *See* 15 U.S.C. § 1692c(a)(2).

37.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

38.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 28, 2021

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC

11445 E Via Linda, Ste 2 #492
Scottsdale, AZ 85259
Telephone:      (602) 388-8898
Facsimile:       (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff